Matter of Kevin X. (Jin Hua X.) (2020 NY Slip Op 01257)





Matter of Kevin X. (Jin Hua X.)


2020 NY Slip Op 01257


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11082 -03854/17

[*1] In re Kevin X., A Dependent Child Under Eighteen Years, of Age, etc., Jin Hua X., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent, The Commissioner of the Administration for Children's Services of the City of New York, Petitioner.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Joseph T. Gatti, New York, for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about September 5, 2018, which, inter alia, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that the agency made diligent efforts to encourage and strengthen the parental relationship by devising and communicating an appropriate service plan for the father, which included referring him to mental health services and dyadic counseling with the child (Social Services Law § 384-b[7][f]; Matter of Frank Enrique S. [Karina Elizabeth F.], 168 AD3d 539, 540 [1st Dept 2019]). Despite the agency's efforts, including encouraging the father to commence individual and family therapy with the child, making referrals, scheduling appointments and accompanying him to the meetings with the service providers, the father failed to comply with the referrals by attending dyadic therapy, a key component to his reunification plan (Matter of Zariah M.E. [Alexys T.], 171 AD3d 607 [1st Dept 2019]).
A preponderance of the evidence supports the determination that termination of the father's parental rights was in the best interests of the child (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). A suspended judgment was not appropriate, given the father's repeated failure to engage in mental health services, both individually and with the child, his limited visits with the child, and the fact that the child's needs are
being met in his foster home, where he resides with his half-sister and has bonded with the foster [*2]family, which shares the same background and wishes to adopt him (Matter of Tion Lavon J. [Saadiasha J.], 159 AD3d 579, 580 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK